1  STEVEN G. KALAR
   Federal Public Defender
2  John Paul Reichmuth
   Assistant Federal Public Defender
3  555 - 12th Street
   Suite 650
4  Oakland, CA 94607-3627
   Telephone: (510) 637-3500
5
   Counsel for IRA GIBSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. 14-217-JD |
|---|---|---|
| Plaintiff, | ) ) | MOTION, NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF |
| vs. | ) ) | DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS |
| IRA GIBSON, | ) ) | Date: JULY 25, 2014 |
| Defendant. | ) ) | |

TO: UNITED STATES OF AMERICA, PLAINTIFF; AND MELINDA HAAG, UNITED STATES ATTORNEY; AND DEBORAH R. DOUGLAS, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that counsel for defendant Ira Gibson hereby moves this Court for an order suppressing all fruits of the unlawful seizure and search of Mr. Gibson's vehicle and person on December 22, 2013.

The motion is based on this notice and motion, the following memorandum of points and authorities and accompanying exhibits, the Fourth and Fifth amendments to the United States Constitution, all other applicable, constitutional, statutory, and case authority, and such evidence and argument as may be presented at the hearing on this motion.

**STATEMENT OF FACTS**

On December 22, 2013, officers of the California Highway Patrol seized Ira Gibson without a warrant. They then proceeded to search the interior of his car and his person without a warrant. After his arrest, Mr. Gibson was again searched at the Santa Rita jail. Because the officers acted without a warrant, the government bears the burden of showing that an exception to the warrant requirement applied in this case. If no such exception applied, then the seizure of Mr. Gibson, and the subsequent search of his vehicle and person violated the Fourth Amendment, and any fruits of that search and seizure must be suppressed.[1]

**ARGUMENT**

**A.    THE FOURTH AMENDMENT VIOLATIONS**

The Fourth Amendment protects people from "unreasonable searches and seizures." U.S. Const. amend. IV. The Amendment establishes a strong preference for searches and seizures pursuant to a warrant. *See, e.g.*, *Terry v. Ohio*, 392 U.S. 1, 20 (1968). Warrantless searches and seizures are per se unreasonable under the Fourth Amendment, subject only to a few limited exceptions. *Id.*; *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001). The government bears the burden of establishing that a warrantless search or seizure does not violate the Fourth Amendment. *Hawkins*, 249 F.3d at 872; *United States v. Delgadillo-Velasquez*, 856 F.2d 1292, 1295 (9th Cir. 1988).

The California Highway Patrol here violated the Fourth Amendment when they stopped the car Mr. Gibson was driving, detained him, searched his car, and then searched his person.

---

[1] By his signature below, the undersigned declares under penalty of perjury that he is informed and believes that a warrantless search and seizure of Mr. Gibson and his vehicle were conducted by California Highway Patrol Officers shortly after midnight on December 22, 2013, that Mr. Gibson was questioned while detained, that Mr. Gibson was thereafter searched at Santa Rita jail, and that evidence and statements were obtained by these various searches, seizures, and interrogation.

### 1. The Warrantless Stop of the Car Mr. Gibson Was Driving Violated the Fourth Amendment.

An automobile stop is a seizure for purposes of the Fourth Amendment. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). The police may not stop a car without a warrant unless they have reasonable suspicion. *United States v. Jimenez-Medina*, 173 F.3d 752, 754 (9th Cir. 1999). The government bears the burden of establishing that a warrantless automobile stop does not violate the Fourth Amendment. *Delgadillo-Velasquez*, 856 F.2d at 1295.

The police here stopped the car Mr. Gibson was driving on December 22, 2013. They did not have a warrant. Unless the government establishes that the warrantless stop did not violate the Fourth Amendment, all fruits of the stop must be suppressed.

### 2. The Warrantless Search of the Mr. Gibson's Car Violated the Fourth Amendment.

The police may not search a car without a warrant unless an exception to the warrant requirement applies. *Maryland v. Dyson*, 527 U.S. 465, 467 (1999); *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996). The government bears the burden of establishing that a warrantless search does not violate the Fourth Amendment. *Hawkins*, 249 F.3d at 872; *United States v. Delgadillo-Velasquez*, 856 F.2d 1292, 1295 (9th Cir. 1988).

The California Highway patrol searched a parked car which had been driven by Mr. Gibson. They did not have a warrant. Unless the government establishes that the circumstances amounted to an exception to the warrant requirement, all fruits of the warrantless search must be suppressed.

### 3. The warrantless arrest of Mr. Gibson violated the Fourth Amendment.

The Government bears the burden of showing that a warrantless arrest did not violate the Fourth Amendment. *Delgadillo-Velasquez*, 856 F.2d at 1295 (9th Cir.1988). California Highway Patrol Officers arrested Mr. Gibson on December 22, 2013, without a warrant. Unless

1  the government establishes that the warrantless arrest did not violate the Fourth Amendment, all
2  fruits of the warrantless arrest must be suppressed.

3      **4.**     **The warrantless search of Mr. Gibson violated the Fourth Amendment.**

4      The Santa Rita jail staff searched Mr. Gibson without a warrant after his arrest on
5  December 22, 2013.  Unless the government can establish that the warrantless search of Mr.
6  Gibson did not violate the Fourth Amendment, all fruits of the search must be suppressed.

7      **5.**     **All statements are the fruit of the Fourth Amendment violations.**

8      All fruits of an unlawful search or seizure, including statements, should be suppressed.
9  *See, e.g.*, *Wong Sun v. United States*, 371 U.S. 471, 485 (1963); *United States v. Patzer*, 277 F.3d
10  1080, 1082-84 (9th Cir. 2002).  Unless the government establishes that the searches and seizures
11  of Mr. Gibson and the car he was driving do not violate the Fourth Amendment, all of his
12  statements must be suppressed as the fruit of the Fourth Amendment violations.

13

14      **CONCLUSION**

15      For the above-stated reasons, Mr. Gibson respectfully requests that the Court suppress the
16  fruits of his unlawful search and seizure.  He only requests an evidentiary hearing in the event
17  that the government creates a genuine issue of fact as to the circumstances of the stop.

18

19  Dated:

20

21      Respectfully submitted,

22      STEVEN G. KALAR
    Federal Public Defender

23      /S/

24

    John Paul Reichmuth
25      Assistant Federal Public Defender

26