UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>IRA DWAYNE GIBSON,<br>Defendant. | Case No. 14-cr-00217-JD-1<br><br>**ORDER GRANTING MOTION TO COMPEL** |

Defendant Ira Dwayne Gibson has moved to compel the production of the California Highway Patrol's manual, a copy of the CHP's General Order 100.91, and a copy of the CHP's Evidence Manual. *See* Dkt. No. 40. The Court grants the motion.

Mr. Gibson is charged with one count of being a felon in possession of ammunition. *See* Indictment, Dkt. No. 1. The ammunition was found after the police pulled him over for speeding on December 22, 2013, and searched his car. Declaration of Richard Washabaugh at 1-3, Dkt. No. 13, attachment 3. Mr. Gibson moved to suppress the results of this search, arguing that it was conducted in violation of the Fourth Amendment. The Court denied the motion because the search was a lawful inventory search conducted under standardized procedures and not for the sole purpose of investigation. *See* Order Denying Motion to Suppress at 4, Dkt. No. 19. The Court's decision was based on a four-page excerpt from the CHP manual covering vehicle inventories. *See* Dkt. No. 15, attachment D.

Mr. Gibson now seeks a full copy of the CHP manual and two other documents incorporated by reference in the excerpt provided by the government. He claims the full manual is

material to preparing his defense, and must be produced pursuant to Rule 16(a)(1)(E)(i) of the Federal Rules of Criminal Procedure.

The government objects that the portions of the CHP manual other than the excerpt provided are irrelevant to the vehicle inventory. The Assistant United States Attorney assigned to this case also says she phoned a CHP sergeant, who read out to her the only portion of General Order 100.91 that he thought relevant ("Vehicle inventories are not searches and are allowed to protect involved parties when a department seizes a vehicle.").

Although the government makes the sweeping statement that the "Ninth Circuit has clearly ruled that such internal agency policies and procedures are not subject to disclosure," *see* Dkt. No. 41, it has not cited any such case law to the Court. It argues that the Ninth Circuit's decision in *United States v. Reed* stands for the proposition that "Rule 16 and case law do not 'allow a blind fishing expedition seeking unknown evidence,'" but the cited portion of the case actually concerns Rule 17(c), which covers subpoenas duces tecum and sets forth a different standard from Rule 16. *See* 726 F.2d 570, 576-77 (9th Cir. 2009).

The other cases cited by the government are equally inapposite. They stand for the proposition that the United States Attorney's Manual does not create any discovery rights for criminal defendants. *See United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000) (citing other cases). But Mr. Gibson does not claim that his right to discovery is created by the CHP documents; he claims that it is created by Rule 16. The CHP documents are the subject of discovery, not the basis for seeking it.

Rule 16 "grants criminal defendants a broad right to discovery." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). It "permits discovery that is 'relevant to the development of a possible defense.' " *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) (citations omitted). The Court previously found that the search of Mr. Gibson's car was permissible based on an excerpt of the CHP manual produced by the government. Consequently, the CHP manual and the other requested documents are relevant to the development of his defense.

The Court is concerned about the late timing of this request. The materials at issue were available when Mr. Gibson moved to suppress the search. It is unclear why this discovery request was not made until well after the Court's disposition of that motion. By granting this motion, the Court is not inviting reconsideration of the suppression order.

**IT IS SO ORDERED**.

Dated: January 22, 2015

_____
JAMES DONATO
United States District Judge