UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
    Plaintiff,
    v.
IRA GIBSON,
    Defendant.

Case No. 4:14-cr-00217-JD-1

**ORDER RE SEARCH CONDITION**

Re: Dkt. No. 94

## BACKGROUND

After pleading guilty to a violation of 18 U.S.C. § 922(g)(1) -- felon in possession of ammunition -- defendant Ira Gibson was sentenced to 18 months of imprisonment, a $100 special assessment, and 3 years of supervised release with a number of standard and special conditions. Dkt. No. 67. One of the special conditions required Gibson to submit to search by a United States Probation Officer or any federal, state, or local law enforcement officer "at any time with or without suspicion." Dkt. No. 70 at 4. Gibson appealed the imposition of the suspicionless search condition on procedural and substantive grounds. *United States of America v. Gibson*, No. 15-10191 (9th Cir. Apr. 20, 2016). The Ninth Circuit held that Gibson should have been advised before sentencing about the possibility of a suspicionless search condition so that "counsel and the defendant [would] have the opportunity to address personally its appropriateness." Dkt. No. 86 at 2 (quoting *United States v. Cope*, 527 F.3d 944, 953 (9th Cir. 2008)). It vacated the suspicionless search condition solely on that procedural point, and remanded to this Court for further proceedings. *Id.* at 2-3.

After the remand, a hearing was set for June 23, 2016. Dkt. No. 88. On June 17, 2016, the Court entered an order giving Gibson notice that it would consider imposing a suspicionless

1    search condition at the resentencing hearing.  Dkt. No. 89.  The Court directed the government to
2    advise whether it intended to pursue a suspicionless search condition, because there would be no
3    reason for further proceedings if the government dropped the condition.  Dkt. No. 91.  The
4    government elected to request a suspicionless search condition.  Dkt. No. 92.  After submission of
5    briefs by the parties, the Court took the issue under submission pursuant to Criminal Local Rule
6    2-1 and Civil Local Rule 7-1(b).  Dkt. No. 97.  The suspicionless search condition is imposed on
7    Gibson for the term of his supervised release.

## DISCUSSION

A district court enjoys "significant discretion" in determining the conditions of supervised release for criminal defendants, including the authority to impose restrictions that infringe on fundamental rights.  *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006).  That is so because the district court has at its disposal "all of the evidence" and "its own impressions of a defendant" when deciding whether and how to impose supervised release.  *United States v. Williams*, 356 F.3d 1045, 1052 (9th Cir. 2004).  Under 18 U.S.C. § 3583, the Court considers a number of factors from 18 U.S.C. § 3553(a) when fashioning the terms of supervised release, including: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; and the need for the sentence imposed to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).

The Court may impose any condition that is reasonably related to these factors so long as it causes no greater deprivation of liberty than is reasonably necessary and is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a).  18 U.S.C. § 3583(d).  If a condition implicates an "unusually serious infringement of liberty," the Court must support its decision to impose the condition with evidence in the record.  *Williams*, 356 F.3d at 1055.

Assuming without deciding that evidence is needed to support the imposition of a suspicionless search condition on Gibson, the record amply warrants it.  Gibson has a substantial criminal history that includes several convictions for narcotics transport and sales, carrying a concealed weapon, and driving under the influence.  Dkt. No. 69 ¶¶ 28-34.  He has been arrested

on a number of other occasions for similar problems. *Id*. ¶¶ 37-40, 42-48. He was detained in this case after California Highway Patrol officers saw him driving erratically. *Id*. ¶ 6. He failed a series of field sobriety tests, and had within reach in his vehicle a .380 caliber semi-automatic handgun loaded with live rounds. *Id.* ¶¶ 7-8. These facts are strong indicators that Gibson has little compunction about breaking the law despite multiple dealings with the criminal justice system. They are particularly troubling because they often involved drugs and weapons that Gibson sought to conceal. This pattern of dangerous criminal conduct and hiding weapons strongly supports a suspicionless search condition to deter Gibson from further crime and to protect the public from harm.

Nothing in the Sentencing Guidelines policies points to a different determination, and the suspicionless search condition involves no greater deprivation of Gibson's liberty than is reasonably necessary. In addition, the imposition of the condition was a factor in determining Gibson's sentence. The statutory maximum term of prison for a violation of U.S.C. § 922(g)(1) is 10 years. The Court sentenced him to 18 months of incarceration over the government's request for 34 months. Dkt. No. 56. The sentencing determination was informed in part by the expectation that a suspicionless search condition would help deter Gibson from future crime, reduce his risk of recidivism, and protect the public from further harm.

Contrary to Gibson's suggestion, the Fourth Amendment does not bar a suspicionless search condition. The Supreme Court has held that a suspicionless search condition imposed under state law on all California parolees did not violate the Fourth Amendment. *Samson v. California*, 547 U.S. 843, 847 (2006). This applies with equal reason to Gibson. *See United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007) ("There is no sound reason for distinguishing parole from supervised released with respect to this condition. The federal system has abolished parole, and uses supervised release to supervise felons after they get out of prison. People on supervised release have not completed their sentences, they are serving them."); *see also Doe v. Harris*, 772 F.3d 563, 571 (9th Cir. 2014). If, as these cases show, a blanket imposition of a suspicionless search condition on federal felons on supervised release would not violate the Fourth Amendment, then certainly there is no Fourth Amendment bar to the imposition of that condition

here upon Gibson's record before the Court. As the Ninth Circuit aptly said in similar circumstances, "[a]fter *Samson*, there is no room for treating the search condition in this case as an abuse of discretion." *Betts*, 511 F.3d at 876.

Gibson says that *Betts* is inapposite because the search condition imposed there was not a true suspicionless search condition, but rather only a condition that allowed a search "with or without a warrant." Dkt. No. 93 at 9. But *Betts* did, in fact, affirm the district court's imposition of a suspicionless search condition. The condition in that case read "the defendant shall submit person and property to a search and seizure at any time of the day or night by any law enforcement officer, with or without a warrant." *Betts*, 511 F.3d at 876. It contained no mention of a need for any kind of cause or suspicion before a search could be conducted. *Id*. Moreover, *Betts* found that *Samson* controlled because *Samson*'s suspicionless search condition was a "similarly worded condition" to the one at issue in *Betts*. *Id.*

## CONCLUSION

The Court imposes the following search condition upon Mr. Gibson's supervised release:

> The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

**IT IS SO ORDERED.**

Dated: November 22, 2016

JAMES DONATO
United States District Judge